```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


                                :
SHEQUIVA BARNES                 :
                                :
v.                              :   CIV. NO. 3:11CV01780 (HBF)
                                :
MICHAEL ASTRUE,                 :
COMMISSIONER OF SOCIAL          :
SECURITY ADMINISTRATION         :
                                :
```

<u>RULING ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT</u>

On October 17, 2012, counsel for Shequiva Barnes moved this Court under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. §2412(d), to authorize an award of attorney's fees in the amount of $10,019.90. In support of the fee petition, Attorney Charles A. Pirro, III, filed an Affidavit describing the work performed on the case and an itemized bill representing 66 hours of work performed in 2011 and 2012, at an hourly rate of $186.36 for 2011 and $188.27 for 2012. [Doc. #23]. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the hours sought as excessive. Plaintiff then filed a reply memorandum [doc. #27] and a Second Motion for Attorney's Fees [doc. #28], seeking reimbursement for an additional $2,391.03 in fees for the time spent filing a reply memorandum and a second motion for fees. Defendant filed an opposition to

1

the second motion. [Doc. #29]. This ruling covers both attorney's fees motions.

I.  **DISCUSSION**

    A.  **Standard of Law**

The EAJA provides in relevant part

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

42 U.S.C. §2412(d)(1)(A).[1]  Subsection (B) provides that within thirty days of a final judgment in the action, a party seeking an award of fees must submit an application for fees, which shows that the plaintiff is a prevailing party and is eligible to receive an award, the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed, and an allegation that the position of the United States was not

---

[1] On July 20, 2012, the Court granted on consent the Commissioner's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g).

substantially justified. 28 U.S.C. §2412(d)(1)(B). To be eligible for an award of fees under the EAJA, an individual's net worth must not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i).

Plaintiff has complied with these requirements and, in this case, the Commissioner has not challenged the timeliness of the petition, plaintiff's status as a prevailing party, or her assertion that the United States was not substantially justified, and that no special circumstances exist which would make an award of attorney's fees unjust. The Commissioner's sole contention is that the amount of the attorney's fees sought by plaintiff is unreasonable.

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. Id. Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. See Aston v. Sec'y of Health & Human, 808 F.2d 9, 11 (2d Cir. 1986).

3

**B.    Fee Award**

    **1.    Hourly Rate**

The parties agree to an hourly rate of $186.36 for work performed in 2011 and $188.27 for work performed in 2012. The Court will accept plaintiff's counsel's certification that these rates accurately reflect the increase in the cost of living based on the Consumer Price Index. [Doc. #23-2 at 6-7; Doc. #26 at 1]. Thus, the only issue for the Court is the reasonableness of the number of hours for which plaintiff's counsel seeks compensation.

    **2.    Number of Hours Requested**

Plaintiff's first motion seeks an award of fees for 53.30 hours, for a total fee award of $10,019.90.[2] Defendant seeks a reduction in the requested number of hours by 15 hours, which would result in a fee award of $5,883.30.

Preparation of Initial Pleadings

Defendant seeks a 2.5 hour reduction of the 6.5 hours spent on October 4, 14, 18, 31, and November 28 and 30, 2011, to prepare the initial pleadings, a three page complaint, financial affidavit, In Forma Pauperis Application and associated forms; effect service and other tasks. Defendant argues that the

---

[2] Plaintiff requests a total award in the amount of $12,410.93 for 66 hours of attorney work.

4

commingling of the time entries "makes it difficult to discern how much time was spent on each specific task" and prevents a meaningful assessment of the time spent on clerical tasks. The Court agrees. Here the Complaint consists of three pages and sets forth, in sixteen brief paragraphs, the administrative proceedings; the third page consists of the signature line and boilerplate conclusory language. [Doc. #1].  The Financial Affidavit is a form affidavit consisting of three short paragraphs with the name of the plaintiff hand written in three sections and could be prepared by clerical staff and reviewed by counsel. [Doc. #2]. Similarly, the IFP application is a form provided by the District Court and completed by the plaintiff, which could be prepared with assistance of clerical staff with review by counsel. [Doc. #2]. Defendant's objection to the inclusion of clerical tasks in block entries warrants a reduction of time. The Court also reduces the request for time spent to prepare office forms and documents [10/4/11]; complete forms [10/14/11]; prepare Financial Statement [10/18/13]; review court docket and e-file request to issue summons [11/28/13]; download documents for service, prepare Summons forms, prepare instructions to U.S. Marshal, letters to U.S. Marshal, client and referring attorney. [11/30/12].

Accordingly, the Court reduces the 6.5 hours sought by 2.5 hours for preparation of initial pleadings for a total award of 4.0 hours.

Preparation of the Memorandum of Law

Defendant next seeks a 10 hour reduction in the 36.3 hours spent between April 25 and May 8, 2012, to review the administrative record, do legal and medical research and preparethe memorandum of law, based largely upon the fact that much of the argument section of plaintiff's memorandum is "boilerplate" or duplicative of other memoranda plaintiff's counsel has filed in other cases. The Court agrees.  It is noted that plaintiff's counsel did not represent Ms. Barnes at the administrative level and needed time to acquaint himself with her medical records and the administrative record that totaled 650 pages. Moreover, due to her disabilities, plaintiff was unable to meaningfully assist counsel in pursuing her claims. Plaintiff's counsel filed a 38 page memorandum of law, of which he concedes 25% could be considered boilerplate legal authority for Ms. Barnes' appeal. [Doc. #27 at 6].  The Court finds that a reduction of ten hours is warranted given the amount of material copied from prior filings,  the long introduction and procedural history, as well as string citations to the medical evidence preceding the argument section in plaintiff's memorandum of law.

Plaintiff's counsel may have spent considerable time on string citations to medical evidence; however, the Court does not find the presentation of the evidence in this manner to be of assistance in reviewing the record. Several tasks listed are clerical or administrative in nature [5/08/12] and the lack of detail in the nearly identical time entries makes it difficult for the Court to determine if the time spent is reasonable. On this basis, a deduction in the hours sought is merited. "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between 20 and 40 hours of attorney time to prosecute." Cobb v. Astrue, No. 3:08CV1130 (MRK), 2009 WL 2940205, at *9 (D. Conn. Sept. 2, 2009) (citing Parsons v. Comm'r of Soc. Sec., No. 07-cv-1053, 2008 WL 519725, *1 (N.D.N.Y. Dec. 10, 2008) (collecting cases)).

Accordingly, the Court reduces the 36.3 hours sought by 10 hours for counsel to review the administrative record, do legal and medical research and prepare the memorandum of law, for a compensable total of 26.3 hours.

The Court has carefully reviewed plaintiff's itemization of time filed in support of his first motion for attorney's fees and finds all of the remaining time entries to be reasonable.

EAJA Application

Finally, defendant challenges the 3.5 hours sought to prepare the first EAJA application and 12.7 additional hours sought in the Second Motion for Attorney's Fees [Doc. #28] for time spent reviewing defendant's partial opposition to the fee request, preparing the reply brief and the second motion for fees.  Defendant argues that one hour is a reasonable award to prepare the initial EAJA filing and opposes an additional 12.7 hours sought in the Second Motion for EAJA fees, arguing that 17.2 hours is unreasonable.  The Court agrees.

Plaintiff is awarded 2 hours for the preparation of the two Motions for EAJA attorneys' fees, which is one hour for each of the motions.  While plaintiff's counsel was certainly entitled to file a reply brief "strictly confined to a discussion of matters raised by the responsive brief," D. Conn. L. Civ. R. 7(d), there was no need to file a second motion for fees, as plaintiff's counsel would have simply included in the reply brief a request for an additional award of fees covering time spent on the reply and attached a brief affidavit and itemization of time.

**II.  CONCLUSION**

For the reasons stated, plaintiff's Motion for Attorney's Fees **[Doc. #23]** and Second Motion for Attorney's Fees **[Doc. #28]** are **GRANTED** in part and **DENIED** in part. Attorney's fees are awarded in the amount of $6,069.66, representing 32.3 hours of work.

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 26th day of March 2013.

                                                  /s/
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE